IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRICKA LEIGH WILLIAMS,

     Plaintiff,

v.                                                     Case No. 15-01401-JTM

BAIN, RILEY & JACOB CORP, ET. AL.,

     Defendants,

## MEMORANDUM AND ORDER

The clerk granted Plaintiff's Application for Clerk's Entry of Default (Dkt. 17) on May 31, 2016. Defendant, Natasha Riley, filed a "Request for a 14-day Clerk Extension or Extension Regarding Motion being Filed" (Dkt. 20) on June 29. Ms. Riley files the request "from: Natasha Riley and Bain Riley & Jacob Corp … seeking an order for the clerks signature to all parties." This language indicates she intends to appear on behalf of the corporation as well as herself. Because Ms. Riley is pro se, the court construes her Request as a motion to set aside entry of default. Plaintiff filed a Motion for Default Judgment (Dkt. 21) and a response opposing Ms. Riley's motion on June 30 (Dkt. 23). Ms. Riley did not respond to Plaintiff's motion. For the following reasons, the court grants Defendant's motion to set aside default as to Ms. Riley and denies the motion to set aside default as to Bain, Riley & Jacob Corp. Plaintiff's motion for default judgment is denied as to Ms. Riley, and granted as to Bain, Riley & Jacob Corp.

## I.    Factual Background

Plaintiff, Adricka Leigh Williams, filed this action against defendants, Bain, Riley & Jacob Corp. and Natasha Riley, on December 30, 2015. The complaint alleges that on December 29, 2015, Defendants used false pretenses and threats to induce her to pay $400.00.

1

Plaintiff claims Defendants violated the Fair Debt Collection Practices Act (FDCPA), a bankruptcy discharge injunction, and the Kansas Consumer Protection Act. Additionally, the complaint alleges that Natasha Riley is a manager or "person in control" of Bain, and is therefore independently and personally liable for the wrongful actions of or on behalf of Bain by its agents.

Ms. Riley was served on February 23, 2016 and her answer was due on March 15, 2016. In her request for extension, she contends that she does not have money for representation, that she was unaware of the lawsuit until months later, and that she has been unable to obtain an attorney since receiving the documents.

## II.      Legal Standard: Setting Aside Entry of Default

Whether to set aside a clerk's entry of default is solely within the discretion of the trial court. *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The standard for setting aside an entry of default is liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Crutcher v. Coleman,* 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). The court must "balance the interests of the defendants in the adjudication of the case on the merits, against the interest of the public and the court in the orderly and timely administration of justice." *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1993).

Generally, the court considers three factors when determining good cause under Rule 55(c): (1) whether the default was the result of culpable conduct of the defendant, (2) whether setting aside the default would prejudice the plaintiff, and (3) whether the defendant presented a meritorious defense. *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir.

1995). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

### III.      Analysis

#### A.      Corporate Representation

As a preliminary matter, the court will address whether Ms. Riley may act on behalf of the corporation. "A corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). A non-attorney, corporate officer cannot appear pro se on a corporation's behalf. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). Therefore, Ms. Riley may not act for the corporate defendant. As such, the court will consider the motion to set aside entry of default as to Ms. Riley only.

#### B.      Setting Aside Entry of Default

#### 1.      Defendant's Culpability

Generally, a defendant's conduct is considered culpable if he or she has defaulted willfully or has no excuse for the default. *United States v. Timbers Pres., Routt Cty., Colo.,* 999 F.2d 452, 454 (10th Cir.1993). A defendant's knowledge of a lawsuit and post-service actions are important in measuring the willfulness of a defendant's default. *Olivas v. Bentwood Place Apartments, LLC*, 2010 WL 2952393, at *2 (D. Kan. July 26, 2010). Ms. Riley contends that she did not know what the notice was until she went to the post office and that she has been unable to acquire representation. The record reflects that Ms. Riley signed for and received the summons in this case on February 23, 2016, and that is when her 21 day answer period began, not when the notice was delivered to her mail box.

In these circumstances, Ms. Riley's culpable conduct caused the default. However, Ms. Riley may have some excuse for the default, having unsuccessfully sought representation.

Because of the preference for adjudication on the merits, the court finds it necessary to analyze the other two factors. *See id.*

**2.      Prejudice to Plaintiff**

The court concludes that a lack of prejudice to Plaintiff weighs in favor of setting aside the default. Neither Plaintiff nor the court has expended substantial resources as of yet. Generally, the delay of a couple of months in responding to a motion is deemed to be "relatively innocuous" for purposes of default judgment. *Welch v. Centex Home Equity Co.,* L.L.C., 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004).

**3.      Meritorious Defenses**

"The burden to show a meritorious defense is light." *Super Film of Am., Inc. v. UCB Films, Inc*., 2004 U.S. Dist. LEXIS 21643, at *4 (D. Kan. Sept. 23, 2004). While Ms. Riley has failed to articulate a meritorious defense to the action, this is balanced against the relatively short delay involved, coupled with the failure of Plaintiff to show any prejudice arising from the delay. Importantly, while the clerk has entered default, the court has yet to award default judgment against the defendants. The good cause standard under Rule 55(c) gives the court greater freedom to grant relief from entry of default than to grant relief from a default judgment. *Johnson v. Pleasant Green Missionary Baptist Church, Inc.*, 2013 WL 183735, at *3 (D. Kan. Jan. 17, 2013). That is, Rule 55(c) (which governs relief from default) and Rule 60(b) (which governs relief from default judgments) both employ the same factors, but the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir.1989). *See also Garberg & Assocs.,* 115 F.3d at 775 n. 6 (10th Cir. 1997) ("the good cause … for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment").

Further, "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). That preference is sufficient to carry the day in view of all of the circumstances, including the lack of prejudice to Plaintiff from the relatively brief delay in Ms. Riley's response.

Taken as a whole, applying the liberal construction for relief under Rule 55(c) and the preference for trials on the merits, the court finds that Ms. Riley has presented good cause for the relief sought. Accordingly, the court permits and directs that Ms. Riley may file an Answer to the Complaint no later than 20 days from the date of this Order.

**IT IS ACCORDINGLY ORDERED** that Ms. Riley's Motion to set aside entry of default (Dkt. 20) is granted in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. 21) is denied as to Ms. Riley, and granted as to Bain, Riley & Jacob Corp. This court also orders a hearing on the issue of damages, the date of which will be determined subsequent to this Order.

**IT IS SO ORDERED** this 19th day of July, 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge